IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| DOUGLAS O. SPROULE, | No. 2:16-cv-01592-MK |
| Petitioner, | **ORDER** |
| v. | |
| JERI TAYLOR, Superintendent,<br>Easter Oregon Correctional Facility, | |
| Respondent. | |

AIKEN, District Judge:

On April 22, 2019, petitioner, Douglas Sproule, moved for a protective order (doc. 68) which requested that Magistrate Judge Kasubhai order the Wasco County Sheriff and District Attorney, both of whom are not parties to this suit, to instruct all employees to have no contact concerning this case with any former juror or alternate juror. The motion also requested that the Court contact a former juror who served in the underlying state criminal proceedings, also not a party in the present suit, and

1 - ORDER

instruct him to not discuss this case with anyone. On April 29, 2019, Magistrate Judge Kasubhai denied the motion by minute order.[1] (doc. 77)

This matter is now before this Court. When a magistrate judge has ruled on a non-dispositive matter, the District Court may reconsider that decision only if the objecting party has "shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *also* Fed. R. Civ. P. 72(a). Petitioner has filed timely objections to the order (doc. 79) and respondent filed a timely response.[2] (doc. 81.)

After careful review of the briefing, the Court finds no error in the Magistrate Judge's ruling given the current stage of the proceedings and the nature of the relief requested. Importantly, discovery has not yet been allowed in this case, and it is unclear how the Court would extend its contempt power to non-parties or a non-party who served as a juror in a trial which concluded some fifteen years ago. Moreover, counsel for respondent has represented to the Court that he has contacted both the Wasco County District Attorney's Office and the Wasco County Sheriff's Department regarding the issues raised in these motions. Respondent has submitted copies of emails from both entities which directed their employees not to have contact with jurors from petitioner's trial.

---

[1] Petitioner complains the Magistrate Judge did not file a written order disposing of his motion. Fed. R. Civ. P. 72(a) clearly states, however, that a magistrate judge shall "issue a written order" only "when appropriate." The Court finds no error in the Magistrate Judge disposing of the motion through minute order. The Court issues this written decision in the interest of finality.

[2] The Court also granted petitioner leave to file a reply on May 6, 2019.

Thus, this Court cannot find that Magistrate Judge Kasubhai's minute order denying the motion for protective order (doc. 68) was clearly erroneous or contrary to law, which is the standard by which it must be reviewed now. Accordingly, the order of the Magistrate Judge denying the Motion for Protective Order (doc. 77) is AFFIRMED.

IT IS SO ORDERED.

Dated this 7th day of May 2019.

Ann Aiken
United States District Judge