UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


DOUGLAS O. SPROULE,                                    Case No. 2:16-cv-01592-MK

                        Petitioner,                               OPINION AND ORDER

            v.

JERI TAYLOR, Superintendent,

                        Respondent.
_____

KASUBHAI, Magistrate Judge:

Petitioner, a state prisoner in the custody of the Oregon Department of Corrections,

brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions for

rape and sexual abuse. Petitioner claims that his federal due process rights were violated at trial

when jurors witnessed him in restraints, and that he received ineffective assistance of counsel

when his attorney failed to remedy the jurors' observations and failed to pursue plea

negotiations. Petitioner now moves for leave to conduct discovery pursuant to Rule 6 of the

Rules Governing § 2254 Cases. The motions for discovery are denied.

DISCUSSION

In September 2003, petitioner was indicted on 111 felony counts alleging rape, sexual

abuse, and assault. Resp't Ex. 102. All but two charges arose from petitioner's abuse of J.S., the

1 - OPINION AND ORDER

teenage daughter of petitioner's girlfriend. The other two charges alleged the abuse of K.S., the younger sister of J.S. *Id.*

After trial by jury in May 2005, petitioner was convicted on all twenty-eight counts submitted to the jury. Resp't Ex. 101 at 11-15. The trial court sentenced petitioner to consecutive and concurrent sentences totaling 425 months of imprisonment. *Id.* On direct appeal, the Oregon appellate courts upheld his convictions. Resp't Exs. 103, 106-07. Petitioner then filed a petition for post-conviction relief (PCR) and claimed that his trial counsel rendered ineffective assistance in numerous respects. Resp't Exs. 108. The PCR court denied relief and the Oregon appellate courts affirmed. Resp't Exs. 168, 171, 173. Petitioner now seeks federal habeas relief.

In his federal petition, petitioner claims that his due process rights to a fair trial were violated when 1) the trial court ordered him to wear a leg restraint during trial that petitioner believes was visible to the jury, and 2) several jurors observed petitioner with leg shackles and a "belly chain" outside of the courtroom. First Am. Pet. at 9-11 (ECF No. 41). Relatedly, petitioner claims that trial counsel rendered ineffective assistance by failing to object to the restraints or to seek a mistrial or other adequate remedy after the jurors observed petitioner in shackles. *Id.* at 14-15. Petitioner also claims that his trial counsel failed to adequately advise him of the risks and benefits of rejecting or accepting a plea offer and, without consulting petitioner, ceased plea negotiations. *Id.* at 15-17.[1]

Petitioner now seeks discovery to expand the record in support of these claims. "Parties in habeas cases, unlike those in ordinary civil cases, have no right to discovery." *Bittaker v. Woodford*, 331 F.3d 715, 728 (9th Cir. 2003) (en banc). Rather, a district court may allow

---

[1] Petitioner asserts numerous other claims in his First Amended Petition that are not relevant to the instant discovery motions.

discovery if the petitioner makes a sufficient showing of good cause. *See* Rule 6(a) of the Rules

Governing § 2254 Cases in United States District Courts ("A judge may, for good cause,

authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit

the extent of discovery."). Good cause exists "where specific allegations before the court show

reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate

that he is ... entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation omitted).

Petitioner fails to show good cause to allow the discovery he seeks.

      1.   <u>Discovery in Support of Ineffective Assistance of Counsel Claims</u>

To support his ineffective assistance of counsel (IAC) claims based on counsel's failure

to object to the leg restraints or to cure the jury's observation of petitioner in shackles, petitioner

requests permission to interview jurors and inquire: 1) whether they observed petitioner wearing

any type of restraints or believed he was restrained during trial; 2) whether any juror commented

on seeing petitioner in restraints or on their belief he was restrained; and 3) if such comments

were made, whether and to what extent jurors considered or discussed their thoughts about the

restraints. Pet'r Mem. in Support of Mot. for Leave to Interview at 2 (ECF No. 60). Petitioner

also seeks to subpoena the Wasco County Sheriff to obtain reports reflecting whether jurors

observed petitioner's restraints, as well as written procedures that governed the restraint and

transport of inmates at the time of petitioner's trial. *Id.* at 1-2.

To support his IAC claim based on the failure to pursue plea negotiations, petitioner

seeks to subpoena and depose David McDonald, a defense attorney who represented petitioner

prior to trial. Petitioner maintains that McDonald's testimony is necessary to counter his trial

counsel's contention that she did not pursue plea negotiations to avoid a breakdown of her

attorney-client relationship with petitioner, based on information McDonald provided to her.

Pet'r Mem. in Support of Mot. for Leave to Subpoena at 4-5 (ECF No. 61). Petitioner maintains

this evidence will establish that counsel's performance was deficient and caused him prejudice.

*See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Respondent opposes petitioner's

motions on grounds that the information petitioner seeks could not be submitted in support of his

federal IAC claims. I agree.

Under 28 U.S.C. § 2254(d)(1), this Court cannot grant relief on any habeas claim

"adjudicated on the merits in State court proceedings," unless the state court decision "was

contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." Further, this Court cannot review

evidence in support of an adjudicated claim if that evidence was not presented to the state courts;

the Supreme Court has unequivocally held that federal habeas review of state court decisions

under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the

claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The Court explained:

> Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that
> "resulted in" a decision that was contrary to, or "involved" an unreasonable
> application of, established law. This backward-looking language requires an
> examination of the state-court decision at the time it was made. It follows that the
> record under review is limited to the record in existence at that same time *i.e.,* the
> record before the state court.

*Id.* at 181-82. In other words, if a claim was adjudicated on the merits by a state court, "evidence

later introduced in federal court is irrelevant to § 2254(d)(1) review." *Id.* at 184; *Crittenden v.*

*Chappell*, 804 F.3d 998, 1010 (9th Cir. 2015) ("*Pinholster* precludes the consideration of new

evidence [] for the purpose of determining whether the last reasoned state court decision was

contrary to or an unreasonable application of clearly established law"). "*Pinholster* thus prevents

a habeas petitioner from expanding the evidentiary record in federal court to strengthen his claim

that the state court unreasonably applied the law under § 2254(d)(1)." *Espinoza v. Spearman*,

4 - OPINION AND ORDER

661 Fed. App'x 910, 914 (9th Cir. Sept. 21, 2016). Consequently, if plaintiff's IAC claims regarding restraints and plea negotiations were adjudicated on the merits in state court, petitioner's efforts to expand the record through discovery would be futile.

During PCR proceedings in state court, petitioner raised the same IAC claims as he raises in his federal petition. Specifically, petitioner alleged that trial counsel was ineffective for failing to object, move for a mistrial, or request curative instructions after jurors noticed petitioner's leg restraint during trial and saw petitioner in shackles outside of the courtroom. Resp't Ex. at 108 at 3. Plaintiff described the nature of his restraints with specificity and identified several instances in which jurors could have seen him shackled while being transported to and from the courtroom. *Id.* Petitioner also alleged that trial counsel "was ineffective by failing to zealously pursue and explore a plea agreement," and that counsel failed to "discuss plea options with petitioner," "explain the risks of proceeding to trial as opposed to accepting the State's plea offer," or seek plea options after petitioner requested that she do so. *Id.* at 7. The PCR court denied these claims. Resp't Ex. 168.

Petitioner raised the same claims in his PCR appeal. Resp't Exs. 169, 172. The Oregon Court of Appeals affirmed the PCR court's decision in its entirety and issued a written decision finding no evidence to support petitioner's claim that the jury observed his leg restraint in the courtroom. Resp't Ex. 171; *Sproule v. Coursey*, 276 Or. App. 417, 426, *rev. den.*, 359 Or. 777 (2016). Thus, the Oregon courts denied petitioner's federal IAC claims "on the merits," and this Court may not review any new evidence in determining whether the Oregon courts unreasonably applied *Strickland* in rejecting petitioner's claims. *See Runningeagle v. Ryan*, 686 F.3d 758, 773 (9th Cir. 2012) (explaining that the petitioner was "not entitled to an evidentiary hearing or additional discovery in federal court because his claim is governed by 28 U.S.C. § 2254(d)(1)");

*Rogovich v. Ryan*, 694 F.3d 1094, 1097 (9th Cir. 2012) (affirming the denial of evidentiary

hearings and expansion of the record when the state courts adjudicated the habeas claims on the

merits).

Petitioner acknowledges that he raised his current IAC claims during his PCR

proceedings. Nonetheless, petitioner argues that the claims in his federal habeas petition

incorporate "new" IAC claims that are not subject to § 2254(d)(1) review or *Pinholster*'s

prohibition on extra-record evidence, because the evidence he seeks through discovery will place

his IAC claims in a much "stronger evidentiary posture." Pet'r Reply at 3 (ECF No. 98). In so

arguing, petitioner relies on *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc). There, the

Ninth Circuit held that a federal habeas claim is "new" and unexhausted if "new factual

allegations either fundamentally alter the legal claim already considered by the state courts or

place the case in a significantly different and stronger evidentiary posture than it was when the

state courts considered it." *Id.* at 1318 (internal quotation marks and citations omitted).

Petitioner argues that interviewing jurors could establish that the jurors noticed the leg

restraint under his clothing during trial and saw him shackled outside the courtroom on several

occasions. Petitioner argues that his IAC shackling claims would then be in a much "stronger

evidentiary posture" and show that trial counsel rendered ineffective assistance in failing to

object to the restraints or pursue a mistrial. Likewise, petitioner argues that the anticipated

deposition testimony from McDonald could lend significant evidentiary support for his IAC plea

negotiation claim, if the testimony contradicts trial counsel's assertion that McDonald advised

her that his attorney-client relationship with petitioner broke down over McDonald's advice to

negotiate a plea.

Even if petitioner obtained such evidence through discovery, it would not "fundamentally alter" his federal IAC claims or place them in a "significantly different" evidentiary posture so as to establish a "new" claim excepted from *Pinholster*'s prohibition and the standard of review under § 2254(d)(1).

Unlike the facts in *Dickens*, petitioner does not now present IAC claims that "bear little resemblance" to the IAC claims raised in his state PCR proceeding. *Dickens*, 740 F.3d at 1319. As he did in his PCR proceedings, petitioner alleges that trial counsel failed to object or seek a mistrial after jurors saw petitioner in restraints and failed to discuss or pursue plea negotiations. Likewise, as he did before the Oregon courts, petitioner now claims that his trial counsel was ineffective for failing to pursue plea negotiations without consulting petitioner. Petitioner does not present a new theory or different factual circumstances to support a "new" IAC claim or his requests for discovery; he merely seeks to present *additional* evidence to support the same IAC claims that were rejected by the Oregon courts. *See Williams v. Filson*, 908 F.3d 546, 573-76 (9th Cir. 2018) (finding that a new expert report "merely" corroborated the allegations in the state court petition and did not place the adjudicated claim in a "significantly different and stronger evidentiary posture" or transform it "into a new and unexhausted claim"); *Lee v. Ryan*, 2019 WL 1932110, at *1 (D. Ariz. May 1, 2019) (explaining that a "claim of ineffective assistance of counsel is not fundamentally altered by new factual allegations related to the specific claim raised in state court").[2]

---

[2] Even if the evidence petitioner seeks somehow creates a "new" IAC claim, that claim would be unexhausted and barred from federal review through procedural default. *See* 28 U.S.C. § 2254(b)(1) (requiring state prisoners to exhaust available state remedies); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (explaining that unexhausted claims are barred by procedural default). Petitioner concedes that a new IAC claim would be procedurally defaulted but argues that the lack of counsel in his PCR proceeding excuses the default of his new claim.

In sum, petitioner's federal IAC claims were adjudicated on the merits in state court, and *Pinholster* prohibits this Court from considering new evidence in evaluating whether the state court's decision was reasonable under § 2254(d)(1). Consequently, the information petitioner seeks to obtain could not be presented in support of his IAC claims, and discovery efforts would be futile. *Djerf v. Ryan*, 931 F.3d 870, 884 (9th Cir. 2019) (explaining that when a claim "is subject to AEDPA review," "no evidentiary expansion is permitted" and "*Pinholster* would prohibit the introduction of new evidence").

### 2. Discovery to Support Due Process Claim

Petitioner also seeks to interview jurors and obtain documents from the Wasco County Sheriff's Office to show that the trial court's imposition of leg restraints and the jurors' observation of him while shackled violated his due process rights to a fair trial. Respondent objects on grounds that petitioner's due process claims are barred from federal review by procedural default and the Court could not consider any evidence supporting these claims.

Petitioner concedes that his due process claims were never presented to the Oregon courts and are unexhausted and procedurally defaulted. *See* 28 U.S.C. 2254(b)(1)(A) (providing that a

---

Generally, the ineffective assistance of post-conviction counsel does not constitute cause to excuse a procedurally defaulted claim. *Coleman*, 501 U.S. at 752-53. In *Martinez v. Ryan*, the Supreme Court created a "narrow exception" to this rule where "the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial." *See Martinez v. Ryan*, 566 U.S. 1, 9, 11 (2012). In that situation, "a prisoner may establish cause for a default" of an IAC claim if "the state courts did not appoint counsel" in the post-conviction proceeding or if appointed counsel in the post-conviction proceeding rendered ineffective assistance by failing to raise a meritorious IAC claim. *Id.* at 14. Respondent maintains that petitioner cannot rely on *Martinez* to excuse the default of a new IAC claim, because petitioner represented himself during PCR proceedings after terminating his appointed PCR counsel. *See* Resp't Exs. 177, 178; *e.g., Cook v. Ryan*, 688 F.3d 598, 609-10 (9th Cir. 2012). In turn, petitioner maintains that his waiver of PCR counsel was not knowing and may still constitute cause for default. Given my finding that the evidence sought by petitioner would not create a new IAC claim, I need not resolve whether petitioner's self-representation during his PCR proceeding constituted cause to excuse the procedural default of a new claim.

habeas petitioner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court."). Petitioner nonetheless maintains that the default is excused by trial counsel's ineffective assistance in failing to preserve the due process claims for appeal through an objection or motion for mistrial. *Coleman*, 501 U.S. 752; *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). In other words, petitioner seeks to use his IAC claim, including his so-called "new" IAC claim, to establish cause for the default of his due process claims; petitioner seeks discovery to support the new and defaulted claims. Pet'r Mem. in Support of Mot. for Leave to Interview at 14-15.[3] Before petitioner is entitled to seek discovery in support of his due process claims, however, he must first demonstrate that he can excuse the procedural default of those claims.

Petitioner is correct that "in certain circumstances counsel's ineffectiveness in failing properly to preserve [a] claim for review in state court" may constitute "cause" to excuse a procedural default, if counsel's performance was "so ineffective as to violate the Federal Constitution." *Edwards*, 529 U.S. at 451. As such, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is itself an independent constitutional claim." *Id.* Thus, to excuse the procedural default of his due process claims, petitioner must first prevail on his IAC claims. *See Walker v. Martel*, 709 F.3d 925, 942-44 (9th Cir. 2013) (finding that, because the state court reasonably concluded the petitioner failed to

---

[3] An IAC claim used to excuse the default of another claim must be properly exhausted in state court. *Edwards*, 529 U.S. at 452. To the extent petitioner relies on his "new" IAC claim to excuse the default of his due process claim, petitioner would be required to excuse the default of his "new" IAC claim by showing that the lack of counsel in his PCR proceeding caused the default, as discussed in footnote 2. Because I find that petitioner does not allege a new IAC claim, this issue is moot.

establish prejudice arising from counsel's deficiency in failing to object to a knee restraint worn at trial, "there was no cause and prejudice to reach the due process shackling claim").

As explained above, this Court cannot review new evidence in evaluating petitioner's IAC claims, because those claims were adjudicated on the merits in state court and *Pinholster* prohibits petitioner from presenting new evidence to support those claims in this federal habeas action. Thus, the discovery petitioner seeks would become relevant to his due process claims only if this Court finds – based on the existing record – that the Oregon courts unreasonably applied *Strickland* in rejecting his IAC shackling claims. *See Hurles v. Ryan,* 752 F.3d 768, 778 (9th Cir. 2014) (if the court determines, after "considering only the evidence before the state court, that the adjudication of a claim on the merits resulted in a decision contrary to or involving an unreasonable application of clearly established federal law," the court "evaluate[s] the claim de novo" and "may consider evidence properly presented for the first time in federal court"). Absent those findings, petitioner cannot expand the record with new evidence, and his efforts to obtain discovery would be futile.

CONCLUSION

Petitioner's Motions for Leave to Interview Jurors and Subpoena Documents and for Leave to Subpoena and Depose (ECF Nos. 60, 61) are DENIED with leave to renew if petitioner prevails on his IAC claims. Within sixty days from the date of this Order, petitioner shall file his brief in support of the claims asserted in the First Amended Petition for Writ of Habeas Corpus. IT IS SO ORDERED.

DATED this 12th day of February 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge